IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KENNETH JELKS, #A0249413, ) | CIVIL NO. 07-00127 ACK-LEK |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER OF DISMISSAL |
| IWALANI D. WHITE, Director, ) | |
| Department of Public Safety, ) | |
| FRANK LUNA, Warden, Red Rock ) | |
| Correctional Center, ) | |
| ) | |
| Respondents. ) | |
| _____ | |

**ORDER OF DISMISSAL**

*Pro se* Petitioner Kenneth Jelks, a Hawai`i prisoner incarcerated at Red Rock Correctional Center has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] For the following reasons, the court DISMISSES the Petition without prejudice for lack of jurisdiction.

**BACKGROUND**[2]

On October 22, 1996, Jelks was convicted in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), in Cr. No. 94-0257, of murder in the second degree, in violation of Hawai`i Revised Statutes §§ 705-500 and 707-701.5. On January

---

[1] This is the second petition that Jelks has filed. *See Jelks v. Blair*, Civ. No. 06-00426. His first petition was dismissed without prejudice, while Jelks pursued his then-pending state petition for post-conviction relief. (Doc. No.7, "Order Dismissing Petition and Denying In Forma Pauperis Application.")

[2] The facts herein are taken from the instant Petition and the exhibits thereto.

13, 1997, Jelks was sentenced to life imprisonment with the possibility of parole.  The Hawai`i Paroling Authority ("HPA") fixed his minimum sentence at twenty years.  Jelks directly appealed, and the Hawai`i Supreme Court affirmed his conviction on August 5, 1998.[3]  Jelks apparently did not seek certiorari with the United States Supreme Court.

Approximately five and a half years later, on May 6, 2004, Jelks filed a state petition for post-conviction relief in the circuit court, pursuant to Haw. R. Penal P. 40, under S.P.P. No. 04-1-0003.  Jelks claimed that the HPA had miscalculated the days he spent in presentence detention following his arrest, and had therefore failed to credit him with 1,077 days.  Jelks states that the circuit court dismissed this petition on February 24, 2005.  Jelks appealed this decision, and the resolution of that appeal appears to be the basis for the present Petition.

Jelks filed a second post-conviction petition with the circuit court, in S.P.P. No. 05-0-0061, on November 30, 2005.  Jelks again protested his sentence as computed by the HPA, although he raised different issues in this petition.  The circuit court dismissed this petition on March 24, 2006.  Jelks appealed this decision, although he does not discuss the outcome

---

[3] Jelks places this date at August 8, 1998.  From publicly available records, however, the court notes that the actual date is August 5, 1998.  *See State v. Jelks,* 88 Haw. 372 *unpub.* (Aug. 5, 1998).

of this appeal in the present Petition.

In the present Petition, Jelks raises only one ground for relief, that his First Amendment rights were violated when the state court determined that his appeal in S.P.P. No. 04-1-0003 was untimely filed, and the appeal was thereupon dismissed. Jelks appears to seek appellate review by this court of the Hawai`i Supreme Court's decision dismissing his appeal as untimely. He asks that this court "Vacate and Set Aside both the Circuit Court of the First Circuit (State of Hawaii) and the Hawaii Supreme Court, Finding of Facts and Conclusion of law: by reversing the State of Hawaii decision and reinstat[ing] the Petitioner's Notice of Appeal; Before the Intermediate Court of Appeals[.]" (Pet. 15.)

**DISCUSSION**

Several issues are raised by Jelks Petition. First, and most important, Jelks is apparently attempting to use this federal habeas petition to appeal the Hawai`i Supreme Court's decision dismissing his appeal as untimely. Jelks maintains that the circuit court improperly determined that the date that he tendered his appeal to prison officials for mailing was several days beyond the date for filing his appeal.[4] The only relief

---

[4] Jelks originally asserted to the circuit court that he gave his appeal to prison officials on March 18, 2005. (*See* Ex. A, 4.) Jelks's own evidence, however, provided to the circuit court to prove that he had timely deposited his appeal with
(continued...)

3

Jelks requests is an order from this court reinstating his appeal in S.P.P. 04-1-0003. This request for relief is not within this court's jurisdiction.

As a general principle, this court may not exercise appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). This rule, commonly known as the *Rooker-Feldman* doctrine, requires that:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting

---

[4](...continued)
prison officials, shows only that he filled out a "Request to Staff" on March 26, 2005, requesting that his legal document be logged on the date it left the facility. (*See* attachment to Ex. A.) This request was answered by prison officials on March 30, 2005, the same day that Jelks's notice of appeal was sent from the facility. (*Id.*) The circuit court received Jelks's appeal on April 7, 2005. (*See* Ex. E. ¶ 3.) On February 23, 2006, the circuit court entered a Findings of Fact Concerning Timeliness of Petitioner's Tender of Notice of Appeal to Prison Officials, finding that Jelks's proffered evidence was insufficient to prove that he tendered his notice of appeal to any prison official prior to March 30, 2005, pursuant to *Setala v. J.C. Penney, Co.*, 40 P.3d 886 (2002). (Ex. E ¶ 6.) Jelks moved for reconsideration of this decision on March 6, 2006, which was denied March 14, 2006. (Ex. C.) The Hawai`i Supreme Court then dismissed Jelks's appeal as untimely.

*Johnson v. DeGrandy*, 512 U.S. 997, 1005 (1994)).[5]

The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct a direct review of state court judgments even when a federal question is presented.  *Allah v. Superior Ct. of State of California*, 871 F.2d 887, 891 (9th Cir. 1989); *accord Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of <u>original</u> jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts").  Jurisdiction is lacking even if the state court decision is challenged as unconstitutional.  *Feldman*, 460 U.S. at 486; *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.  This is true even when the challenge to a state court decision involves federal constitutional issues") (citations omitted), *cert. denied*, 516 U.S. 1009 (1995).

Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court.  *See Feldman*, 460 U.S. 482-483; *Bennett*, 140 F.3d at 1223 (noting that the rationale behind the

---

[5] *Rooker-Feldman* is a jurisdictional doctrine that goes to the court's subject matter jurisdiction.  *See Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

*Rooker-Feldman* doctrine "is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

The *Rooker-Feldman* doctrine does not apply to a "general constitutional challenge"--one that does not require review of a final state court decision in a particular case. *See Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). The distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle and difficult to make. If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then a plaintiff is essentially asking this court to review the state court's decision, which this court may not do. *Id.*

Here, Jelks gives no reason why he has brought this action to this court, although he is clearly asking this court to sit as an appellate court over the state supreme court's decision to deny his appeal as untimely. Any determination by this court, that the Hawai`i Supreme Court violated Jelks's First Amendment rights when deciding that his appeal in S.P.P. 04-1-0003 was untimely, is necessarily inextricably intertwined with the supreme court's judgment. This court therefore lacks subject matter jurisdiction to do so.

Second, even if this court had jurisdiction over this

claim, that Jelks's First Amendment rights were violated by the state courts' decisions holding that his appeal in his Rule 40 petition, S.P.P. 04-1-0003, was untimely filed, such a claim is not cognizable in habeas.  Jelks is claiming the denial of access to the courts, stating that, under the prison mailbox rule as set forth in *Houston v. Lack*,[6] he timely filed his notice of appeal by handing it to a prison official.  The state courts determined that Jelks failed to present any credible evidence that he had properly and timely placed his appeal in the prison mail system, and was therefore barred from relief under the prison mailbox rule.  (*See* Jelks's Ex. E.)  Such a claim, if brought under this court's original jurisdiction and not as a review of the state courts' ruling, must be brought as a civil rights action under 42 U.S.C. § 1983.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).  That is not to say, however, that bringing such a claim would be appropriate; it is likely that any attempted new action based on this claim would be barred by the doctrine of res judicata.

Third, Jelk's claims for habeas relief on his conviction and sentence are governed by the statute of limitation set forth in 28 U.S.C. § 2244(d)(1).[7]  Under the statute, a one-

---

[6] 487 U.S. 266, 108 S. Ct. 2379 (1988)

[7] 28 U.S.C. § 2244(d)(1) provides a one year period of limitation on applications for writ of habeas corpus by persons in custody pursuant to state court judgments.  The limitation period runs from the latest of-
(continued...)

year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions); *Corjasso v. Ayers*, 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a federal petition); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Jelks states that he was convicted on October 22 1996, and sentenced on January 13, 1997. His conviction was affirmed on direct appeal on August 5, 1998. Because Jelks states that he did not seek certiorari from the United States Supreme Court, his

---

[7](...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

conviction and sentence were final ninety days later, or on November 3, 1998. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Barring statutory or equitable tolling, the statute of limitation for federal review of Jelks's conviction or sentence would therefore have expired on November 3, 1999.

While the time during which a state post-conviction petition is pending in state court tolls the statute of limitation, it appears that Jelks did not file such a petition until May 6, 2004, which is, of course, well beyond the statute of limitation. *See* 28 U.S.C. § 2244(d).[8] Thus, although this court makes no determination on this issue at this time, Jelks is now likely timebarred from bringing a federal habeas corpus petition to this court.

---

[8] 28 U.S.C. § 2254(d)(2) states:

> The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**CONCLUSION**

For the foregoing reasons, the Petition is DISMISSED without prejudice for lack of jurisdiction. The Clerk is DIRECTED to close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2007.



_____
Alan C. Kay
Sr. United States District Judge

*Jelks v. Hawaii*, Civ. No. 07-00127 ACK-LEK; ORDER OF DISMISSAL; dmp/ Habeas 07/Jelks 07-127 (dsm Rooker-Feldman)

10