**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAI`I**

| | | |
|---|---|---|
| **KENNETH JELKS, #A0249413,** | ) | **CIVIL NO. 07-00127 ACK-LEK** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **IWALANI D. WHITE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| _____ | ) | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

*Pro se* Petitioner Kenneth Jelks, has filed a notice of
appeal of the dismissal of his petition for a writ of habeas
corpus under 28 U.S.C. § 2254, and a motion for certificate of
appealability.  For the following reasons, the court DENIES the
Motion for Certificate of Appealability.

An appeal may not be taken in a habeas corpus
proceeding, "unless a circuit justice or judge issues a
certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  To
obtain a certificate of appealability, a petitioner must make a
"substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2).  Petitioner must demonstrate that
reasonable jurists could debate whether the petition should have
been resolved in a different manner or that the issues presented
were adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When, as here, the district court has rejected a petitioner's constitutional claims on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 484.

This Court found that Petitioner's sole claim, that the state court violated the First Amendment by rejecting his appeal in his state post-conviction proceeding as untimely, was barred by the *Rooker-Feldman* doctrine.[1]  The only relief Petitioner sought was an order overruling the Hawaii Supreme Court's determination that his appeal was untimely, and reinstating his appeal.  As this court is without jurisdiction to order the supreme court to reinstate Petitioner's untimely appeal, or otherwise grant this request, the Petition was denied. Reasonable jurists would neither find that Petitioner stated a valid claim of the denial of a constitutional right, nor that this court's procedural ruling was debatable.

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Accordingly, the request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 3, 2007.



_____
Alan C. Kay
Sr. United States District Judge

*Jelks v. Hawaii*, Civ. No. 07-00127 ACK-LEK; ORDER DENYING CERTIFICATE OF APPEALABILITY; dmp/ COAs 07/Jelks 07-127 (dny COA Rooker-Feldman)